```
                         IN THE
              UNITED STATES DISTRICT COURT
                        FOR THE
              WESTERN DISTRICT OF VIRGINIA
                 HARRISONBURG DIVISION

UNITED STATES OF AMERICA           )
                                   )
                                   )
         v.                        )   Criminal No. 5:07CR00038
                                   )
MICHAEL WAYNE ANDERSON             )
```

### RESPONSE TO DEFENDANT'S SECOND MOTION FOR BAIL

The United States, by counsel, hereby responds to the defendant's second motion for bail by asking this Court to summarily deny the motion without need for a hearing as follows:

The defendant is presently charged with multiple offenses relating to the defendant's distribution of child pornography links and his possession of child pornography. At the time of the present offenses, the defendant was already a registered sex offender who was on probation for a conviction relating to sexual offenses he engaged in with his then 11-year old niece.

The fact that he is 1) already a registered sex offender; 2) has a prior sexual contact conviction; and 3) committed his present offense while still serving a supervisory sentence (matters already presented to the Court) all demonstrate that the defendant should remain detained because he is a danger to others and no conditions can reasonably assure the safety of the community.

The defendant had a bond hearing on October 12, 2007, and other than offering more value as security, there has been no

showing or allegation in his present motion of information that was not known to the movant at the time of the hearing which would have a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community as required under 18 U.S.C. § 3142(f)(2) for the bond hearing to be reopened. Since then the United States has added child pornography possession charges to the Indictment. It should be noted that during the bond hearing, the United States, which proceeded by agreement by proffer, informed the court about an ongoing investigation into the production of child pornography by the defendant and others who were part of a group of individuals who "chatted" with each other and who webcammed[1] to each other as they engaged in sexually explicit conduct with minors. There is evidence that the defendant webcammed himself molesting his then infant child. Moreover, it should be noted that one or more of the images set forth in the new possession charge depicts the child of one of the individuals with whom the defendant was communicating online and was part of the above-described group. During the October bond hearing, the Honorable Magistrate Judge B. Waugh

---

[1] As defined on PCMAG.COM, a webcam (or webcamera) is "[a] video camera that is used to send periodic images or continuous frames to a Web site for display ... They provide videos of people going about their daily work as well as offering the online equivalent of the live 'peep show.'"

Crigler found that the defendant had not overcome the presumption and denied bond. No allegations have been raised in the present motion that would justify a finding that the presumption has now been overcome.

The crimes for which the defendant is charged are subject to a presumption of detention under 18 U.S.C. § 3142(e). In determining whether the presumptions of dangerousness and flight risk are rebutted and overcome, the Court considers, *inter alia*, the nature and circumstances of the offenses charged, including whether the offenses are crimes of violence; the weight of the evidence against the defendant; the history and characteristics of the defendant; and the nature and seriousness of the danger to any person or the community. *See* 18 U.S.C. § 3142(g).

The charges in the Superseding Indictment are crimes of violence. There is substantial evidence against the defendant. The undersigned believes that during the October bond hearing, the United States set forth certain information about the evidence supporting the transmission of the links of child pornography. In brief, an individual with whom the defendant was chatting and webcamming (who has pled guilty and is serving an approximately 60-year sentence) allowed law enforcement officers to use his screen name. An agent went online, posing as this other individual, and was contacted by the defendant. The defendant spontaneously transmitted to the agent links to child pornography. Over a two-

day period of chatting with the agent, the defendant transmitted seven links, some of which linked to hardcore child pornography including two images that appear to depict infants.  The defendant described one of these two images as something that "looks like a pic i took once."  Excerpts of the chat were located during a forensic analysis of one of the computers that was seized from the defendant's home.  Additionally, one or more of the images were also recovered from the computer evidence.

   Regarding the history and characteristics of the defendant, as the United States has set forth above, the defendant is already a convicted and registered sex offender.  His present crimes were committed while still serving a sentence for his prior sex offense.  The defendant is a clear danger to others.  Everything set forth above supports this finding.  There are absolutely no conditions of release that would ensure the safety of the community.  Additionally, because of the serious penalties faced by the defendant (including potentially back time on his prior state offense), he is additionally a flight risk.  Defense counsel has already been advised that if the United States charges the defendant with production of child pornography, the defendant will face a mandatory life sentence.

In light of the above, the United States respectfully requests that the Court deny the defendant's motion.

        Respectfully submitted,

        JOHN L. BROWNLEE
        United States Attorney


        <u>s/ Nancy S.  Healey</u>
        Nancy S. Healey
        Assistant United States Attorney
        Virginia Bar No. 39447


## CERTIFICATE

I hereby certify that on February 6, 2008, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to Roland Santos, Esquire, counsel for the defendant.

        Respectfully submitted,


        JOHN L. BROWNLEE

        United States Attorney


        <u>S/ Nancy S. Healey</u>
        Nancy S. Healey
        Assistant United States Attorney