```
                         IN THE
              UNITED STATES DISTRICT COURT
                        FOR THE
              WESTERN DISTRICT OF VIRGINIA
                 HARRISONBURG DIVISION

UNITED STATES OF AMERICA      )
                              )
                              )
         v.                   )   Criminal No. 5:07CR00038
                              )
MICHAEL WAYNE ANDERSON        )
```

### RESPONSE TO DEFENDANT'S SECOND MOTION FOR DISCOVERY AND PRELIMINARY RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The United States, by counsel, hereby responds to the defendant's second motion for discovery and motion in limine as follows. Although the United States intends to supplement these filings, in order for the defendant to continue to proceed expeditiously with his trial preparation and own forensic review of the computer evidence in this case, the United States will respond now to the defendant's requests relating to a forensic examination and in part to other motions that he has thus far filed as follows:

As background, the defendant is presently charged with multiple offenses relating to the defendant's distribution of child pornography links and his possession of child pornography. At the time of the present offenses, the defendant was already a registered sex offender who was on probation for a conviction relating to sexual offenses he engaged in with his then 11-year old niece. As part of the investigation, computers and other computer related material were seized during the investigation. As counsel

for the defendant is aware, the investigation concerning the defendant and others associated with the defendant continues, and some child pornography videos (including what appears to be at least one homemade video) and other evidence have recently been discovered.[1]  Defense counsel has also been advised that additional charges may be forthcoming.  The United States has made and will continue to make available for discovery material that has been recovered and found during the investigation as well as various documentary materials.  Defense counsel has already met with some of the government's computer experts and has met with the case agent and the undersigned on other occasions to review relevant evidence.

"Giglio" requests

The defendant has requested various information regarding men in Texas and Pennsylvania who were among the group of like-minded individuals with whom the defendant was communicating online.  The man in Texas was sentenced to an approximately 55-year sentence and upon information and belief, the man in Pennsylvania and the man in Pennsylvania has entered a guilty plea but not yet been sentenced. The United States is well aware of its Giglio and Jencks

---

[1] The investigation has revealed that the defendant and others were part of a group of individuals who, among other things, "chatted" with each other online and who webcammed to each other as they engaged in sexually explicit conduct with minors.

obligations and will comply with those obligations as required.[2]

Request for "Brady material"

To the extent that the defendant seeks information concerning minor victims, if there is anything required to be disclosed, the United States will disclose directly to defense counsel in order to safeguard the identities of any minor victims.

Request for copy of hard drive of defendant's computers

Defendant has requested that the United States provide to him a copy of his computer hard drive.  Defendant's computer hard drive contains child pornography, which is considered to be contraband. United States v. Goodwin, 854 F. 2d 33 (4th Cir. 1988).  Title 18, United States Code, Section 3509 ("Production on reproduction of child pornography") provides that:

> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
>
> (2)(A) *Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material*

---

[2] Regarding law enforcement witnesses, the defendant has provided no justification for certain personnel files.  The United States, however, is also aware of its obligations to disclose relevant Giglio material for all of its witnesses.

> *that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.*
>
> (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m) (emphasis added).

Here, the United States has offered to make defendant's hard drives reasonably available to defendant. In particular, the United States has offered to furnish defense counsel, and/or defense counsel's qualified experts, with a private room in a federal building during normal business hours in which to examine and work with a mirror copy of defendant's hard drive.

A majority of the courts to consider this issue have ruled that the United States' proposal to defendant satisfies the "reasonably available" or "ample opportunity" test set out in 18 U.S.C. § 3509(m)(2)(A). *See, e.g.,*; United States v. Doane, 501 F. Supp. 2d 897 (E.D. Ky. 2007) (availability of copy of defendant's hard drive in United States facility satisfied 3509(m)); United States v. O'Rourke, 470 F. Supp. 2d 1049 (D. Ariz. 2007) (requiring

4

defendant's computer expert to travel from his home in Ohio to government facility in Arizona was considered reasonable availability). *See also* United States v. Husband, 246 F. Supp. 2d 467 (E.D. Va. 2003) (sentencing vacated on post-*Booker* grounds) (prior to enactment of 18 U.S.C. 3509(m), finding United States' offer to defendant of a private viewing room at a federal facility to comply with Fed. R. Crim. Pro. 16).

Defendant cites United States v. Knellinger, 471 F. Supp. 2d 640 (E.D. Va. 2007), in which the district court upheld the validity and constitutionality of 18 U.S.C. 3509(m). However, after an extensive evidentiary hearing in which defendant presented four witnesses who provided detailed information as to the costliness to defendant (exceeding $500,000) of being required to examine defendant's hard drive at a United States facility, the court allowed defendant to receive a copy of his hard drive.

The logic of the Knellinger case, in allowing defendant a copy of his hard drive, has been widely criticized. No case besides Knellinger has held that an arrangement as proposed above by the United States did not comprise "reasonable availability" under § 3509(m). United States v. Spivack, 2007 WL 4593475, *3 (E.D.N.Y. Nov. 29, 2007) (calling Knellinger "the only case in which a court held that the government did not provide defendant 'an ample opportunity' for inspection under §3509(m) and ordered that copies of the hard drive be provided to defense counsel subject to a

5

protective order." *See also* United States v. Tyson, 2007 WL 2859746, (W.D.N.Y. Sep. 26, 2007) (declining to follow Knellinger); United States v. Doane, 501 F. Supp. 2d 897 (E.D. Ky. 2007) (same); United States v. Flinn, 521 F. Supp. 2d 1097 (E.D. Cal. 2007) (same).

The defendant has provided no details to support his request, other than a general statement that to have his expert examine the computer evidence at a government location would be cost prohibitive. The undersigned have been informed that the defendant's expert is located in Washington, D.C. The United States intends to make the evidence available for review at Quantico or Northern Virginia (and may also be able to make such review available in the District of Columbia).

In conclusion, this Court should deny defendant's request to be provided a copy of defendant's hard drive, and should disregard the limited and atypical holding of Knellinger. Should this Court choose to give any weight to Knellinger, it should hold an evidentiary hearing and require defendant to present the type of detailed evidence that the Knellinger court heard, pertaining to the specifics of the defense strategy, and their associated costs, before considering whether to follow Knellinger's unusual reasoning.

Defendant's Motion in Limine

Regarding the defendant's previously filed motion in limine,

while the United States intends to file a more substantive response, including supplying more details about the defendant's prior child sexual exploitation offense, the United States states the following as a preliminary response:

### Adult pornography

Although the United States does not presently intend to introduce evidence concerning adult pornography that was located on the defendant's computers, the United States reserves the right to move to introduce such evidence if relevant to proving an element of the crime during the trial; if certain images may be found to constitute appropriate Fed.R.Evid. Rule 404(b) evidence; or if the defendant opens the door to the admission of same.

### Defendant's prior conviction

There are three potential bases for admission of the defendant's prior crime involving object sexual penetration of a minor, that is, Fed.R.Evid. 404(b), 413, 414. The United States intends to file a more comprehensive response that will support such admission under separate filing.

### Anime

The United States has no present intention of introducing evidence of images of anime. (These images, if they depict children, may be chargeable under 18 U.S.C. § 1466A. There is no such charge in the present Indictment. However, anime depicting children may provide evidence of the defendant's interest in

children and thus intent). The United States reserves the right to introduce such evidence if the defendant opens the door to its introduction.

### Privilege

Other than confidential communications between spouses, the defendant does not have the authority to assert marital privilege against the testifying spouse. Regarding overheard conversations between the defendant and his wife, there may well be some admissible recordings about such conversations since certain conversations may have lost any "privileged" status by virtue of being held under circumstances that forfeited the privilege, e.g., recordings of telephone conversations made in jail.

"Involuntary" images - The United States is well aware of its requirement to show knowing possession. Images in temporary internet files, including "thumbnail" may well have been knowingly accessed by an individual and various types of computer evidence may demonstrate a defendant's knowing access of such images. The United States intends to introduce into evidence images which it believes were knowingly and intentionally accessed by the defendant.

Moreover, in the electronic context, a person can receive and possess child pornography without downloading it, if he or she seeks it out and exercises dominion and control over it. United States v. Tucker, 305 F.3d 1193, 1204 (10th Cir. 2002), cert.

denied, 537 U.S. 1223 (2003).  In <u>United States v. Romm</u>, 455 F.3d 990 (9th Cir. 2006), the Ninth Circuit held that a defendant exercised dominion and control over images in his cache, including thumbnail images, by enlarging them on his screen, and saving them there for five minutes before deleting them.  The United States intends to introduce into evidence the results of a forensic examination of defendant's computer, as well as other evidence, that will show that the defendant exercised dominion and control over certain temporary internet files, including thumbnail files, and therefore knowingly possessed them.

                Respectfully submitted,
                JOHN L. BROWNLEE
                United States Attorney

                <u>s/ Nancy S. Healey</u>
                Nancy S. Healey
                Assistant United States Attorney
                Virginia Bar No. 39447

                <u>s/ James Silver</u>
                James Sliver
                Trial Attorney
                Department of Justice
                Criminal Section
                Child Exploitation & Obscenity Sec.

CERTIFICATE

    I hereby certify that on March 3, 2008, I electronically filed the forgoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to Roland Santos, Esquire, counsel for the defendant.

                                      Respectfully submitted,

                                      JOHN L. BROWNLEE

                                      United States Attorney

                                      s/ Nancy S. Healey
                                      Nancy S. Healey
                                      Assistant United States Attorney